By The Court :
Section 1680, Eevised Statutes, provides that “A member of the council or board of aldermen must be a resident of the corporation for which he is elected, and if the corporation is divided into wards or districts, then a resident of the ward or district for which he is elected.” This seems to mean that a member of council must be a resident of his ward, not only when elected, but also that he must remain such resident; and then the statute is supplemented by the ordinance of the city, which provides that a councilman who removes without his ward shall be deemed to have resigned his office. It being conceded in this case that Mr. Crow had removed out of his ward, it must follow that he thereby ceased to be a member of the council, the same as if he had resigned. After such removal and failure to fill the vacancy, the council consisted of only nine members, only that number having been elected. Section 1675, Revised Statutes, provides that “a majority of all the members elected *386 shall constitute a quorum for the transaction of business.”
Five being a majority of nine, it follows that a quorum was present, and that Mr. Orr was elected president of the council by a majority of all the members elected to the council, and that his election was therefore valid.

Demurrer to the anstoer overruled and petition dismissed.